J-A13003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENN A. KIRK IV | : | |
| | : | |
| Appellant | : | No. 483 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 18, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-SA-0000347-2024

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BOWES, J.:          **FILED: APRIL 30, 2026**

Glenn A. Kirk IV appeals, *pro se*, from the March 18, 2025 judgment of sentence imposing a $1000 fine after he was convicted of driving while operating privilege suspended or revoked. As all of Appellant's issues are waived, we affirm.

This appeal stems from the July 31, 2024 traffic citation that was issued after Rostraver Township Police Officer Martin Palla observed Appellant, whom he knew from past encounters to have a suspended driver's license, operating a motor vehicle on a public highway in Rostraver Township. Following his summary conviction in magisterial district court, Appellant exercised his right to summary appeal in the Court of Common Pleas of Westmoreland County. On March 18, 2025, the trial court found him guilty of the above-mentioned offense and imposed a $1000 fine.

J-A13003-26

Appellant timely filed a notice of appeal, and the trial court issued a Pa.R.A.P. 1925(b) order directing him to file and serve a Rule 1925(b) statement within twenty-one days of the order.[1]  Appellant failed to file the concise statement, and the trial court opined that, in light of that omission, it was unable to prepare a Rule 1925(a) opinion.  **See** Memorandum in Lieu of Trial Court Opinion, 5/22/25, at 1.  Appellant did not seek to belatedly file a Rule 1925(b) statement, and the record was transmitted to this Court.

Appellant presents eight issues for our review:

1. Did the prosecution prove in personam jurisdiction?

2. Does the trial court have subject matter jurisdiction?

_____

[1] The order satisfied the requirements of Pa.R.A.P. 1925(b)(3)(i)-(iv), which provides: Rule 1925(b)(3) provides:

*Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

3. Did the trial court violate the appellant's Constitutionally protected rights?

4. Did the trial court violate the Fifth Amendment Taking's Clause?

5. Did the trial court engage [A]ppellant in a Bill of Attainder?

6. Did the trial court follow the principle of *stare decisis*?

7. Did the trial court violate [A]ppellant's right to due process of law?

8. Did the prosecution state a cause of action for which relief may be granted?

Appellant's brief at 13-14.

At the outset, we review whether Appellant has waived his claims by failing to comply with Rule 1925(b). Generally, an appellant's failure to comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

There is no dispute that Appellant did not file a Rule 1925(b) statement. Pa.R.A.P. 1925(c)(3) carves a limited exception in criminal cases where counsel fails to comply with an order directing an appellant to file a concise statement.[2] However, that narrow scenario does not apply here because

---

[2] Specifically, the rule directs,

(3) If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so,

*(Footnote Continued Next Page)*

Appellant is not represented by counsel and he cannot assert his own ineffectiveness. ***See e.g., Commonwealth v. Mendoza***, 859 WDA 2025, 2026 WL 194288, at *3 (Pa.Super. 2026) (non-precedential decision) ("[appellant's] status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training") (citation omitted). Hence, Appellant's issues are waived pursuant to Rule 1925(b)(4)(vii) due to his failure to file the court-ordered concise statement.

As Appellant waived all issues for purposes of this appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed. Case removed from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/30/2026

---

or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

. . . .

Pa.R.A.P. 1925(c).